UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFERSON R. DAY,

        Plaintiff,

v.                                        Case No: 8:24-cv-01437-WFJ-AAS

HERNANDO COUNTY,

        Defendant.

_____/

## ORDER

Before the Court is Defendant Hernando County's Motion to Dismiss Plaintiff's Second Amended Complaint,[1] Doc. 21. Plaintiff Jefferson Day has not filed a response, so the motion is subject to treatment as unopposed. Local Rule 3.01(c). After considering the complaint and the Defendant's memorandum of law, the Court grants the motion to dismiss.

## BACKGROUND

Plaintiff Jefferson Day is a former employee of Hernando County Fire and Rescue, a division of Defendant Hernando County (the "County"). Doc. 19 at 2. The

---

[1] The operative complaint, at Doc. 19, is titled "Second Amended Complaint" although it appears to be only the first amended complaint. The Defendant presumably titled its motion a "Motion to Dismiss Plaintiff's Second Amended Complaint" in response to Plaintiff's titling of the operative complaint.

County terminated Mr. Day's employment in January 2023, apparently after an incident ending in his arrest and a consequent review of his personnel file. Doc. 19-1 at 1. Mr. Day worked for the County since 2010, and had achieved the rank of captain at the time of his termination. Doc. 19 at 3.

In response to his termination, Mr. Day filed a lawsuit against the County in the Circuit Court for the Fifth Judicial Circuit in and for Hernando County. Doc. 21 at 1. He brought his claim pursuant to 42 U.S.C. § 1983, alleging that the County deprived him of his property right in continued employment without due process of law, in violation of the Fourteenth Amendment to the United States Constitution. Doc. 1-1 at 1–4. Specifically, citing *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985), he argued that he was entitled to pre-termination and post-termination hearings that he apparently never received. *Id.* at 3. The County removed that lawsuit to this Court, and thereafter filed a motion to dismiss. Docs. 1, 7. The Court granted the motion to dismiss without prejudice, ordering the Plaintiff to explain the source of his alleged property right in an amended complaint he may file. Doc. 18.

As he then explained in his amended complaint, the County's Collective Bargaining Agreement with the Hernando County Professional Firefighters Local 3760 (the "CBA") governed Mr. Day's employment. Doc. 19 at 3. The Hernando County Employee Handbook also applied to Mr. Day. *Id.* He alleges that both the

2

CBA and the Employee Handbook gave him a property right in his continued employment. *Id.* at 4.

Mr. Day again argues in his amended complaint that the County deprived him of this property right without due process of law, in violation of the Fourteenth Amendment. *Id.* at 5. The County argues in its motion to dismiss that the Plaintiff did not possess a property right, and even if he did, there is not a lack of due process because the state can provide a satisfactory remedy. Doc. 21 at 2–3. The Court agrees with the County, and grants the motion to dismiss for the reasons explained below.

## LEGAL STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all the complaint's allegations as true, construing them in a light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). The pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive dismissal, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) (cleaned up) (citing *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

The Court, however, need not accept as true bare legal conclusions offered in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a claim may be dismissed if there is a dispositive legal issue that precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). Cases brought under 42 U.S.C. § 1983 are governed by these same motion to dismiss standards. *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010).

## DISCUSSION

Mr. Day did not have a property right in his continued employment that entitled him to due process protections. Moreover, even if he did, the state provides satisfactory remedies to cure potential due process deprivations.

### I.       Mr. Day did not have a property interest in his employment.

42 U.S.C. § 1983 provides for a cause of action against a person who, under color of state law, deprives "any citizen of the United States . . . of any rights, privileges, or immunities secured by the Constitution and laws." The right allegedly deprived in this case was the right to procedural due process under the Fourteenth Amendment, which guarantees that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. To allege a procedural due process violation under section 1983, a plaintiff must show "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state

action; and (3) constitutionally-inadequate process." *Arrington v. Helms*, 438 F.3d 1336, 1347 (11th Cir. 2006) (citation omitted).

As to the first element, "[t]o have a property interest in a benefit, a person . . . must . . . have a legitimate claim of entitlement to it." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). State law determines whether Mr. Day had a property interest in his employment that required procedural due process before the County terminated him. *Warren v. Crawford*, 927 F.2d 559, 562 (11th Cir. 1991) (citation omitted) ("State law determines whether a public employee has a property interest in his or her job."). In Florida, employment is at-will. *Hartley v. Ocean Reef Club, Inc.*, 476 So. 2d 1327, 1328 (Fla. 3d DCA 1985). In other words, "when the term of employment is discretionary or indefinite, either party may terminate the employment at any time for any reason or no reason without assuming any liability." *Id.* At-will employees do not have a property interest in their continued employment, and consequently are not entitled to due process protections. *Blanton v. Griel Mem'l Psychiatric Hosp.*, 758 F.2d 1540, 1543 (11th Cir. 1985). A public employee can, however, obtain a property interest in their employment via state statute or individual contract. *Schneider v. Indian River Cmty. Coll. Found., Inc.*, 875 F.2d 1537, 1544 (11th Cir. 1989). Less formal evidence of a property right can be acceptable, too, if it demonstrates "mutually explicit understandings" of a claim of entitlement. *Id.* (quoting *Perry v. Sindermann*, 408 U.S. 593, 601–02 (1972)). Arrangements

wherein a public employee may be terminated only for cause create a property interest that would require due process before termination. *Warren*, 927 F.2d at 562.

Mr. Day argues that both the CBA and the Employee Handbook gave him a property right in his continued employment. Doc. 19 at 4. The Court finds that neither did, and will take each in turn.

### A. The Collective Bargaining Agreement did not create a property interest.

Mr. Day alleges that Article 4, Sections 1 and 3(I) of the CBA provide that management may "take disciplinary actions for proper cause," and this created his legitimate expectation of continued employment. Doc. 19 at 3–4. The County responds in its motion to dismiss that Article 4 is included in the CBA to reserve certain rights to management, not to confer certain rights upon union members. Doc. 21 at 6–7. Plus, in any event, the County and Mr. Day cannot have a mutually explicit agreement about his continued employment if they disagree over the interpretation of the language in the CBA. *Id.* at 7.

Article 4, Section 1 of the CBA, titled "Management Rights," reads as follows:

> Per section 447.209, Florida Statutes: As [sic] it is the right of the public employer to determine unilaterally the purpose of each of its constituent agencies, set standards of services to be offered to the public, and exercise control and discretion over its organization and operations. It

6

is also the right of the public employer to direct its employees, take disciplinary actions for proper cause, and relieve its employees from duty for lack of work or for other legitimate reasons. However, the exercise of such rights shall not preclude employees or their representatives from raising grievances, should the decisions on the above matters have the practical consequence of violating the terms and conditions of any collective bargaining agreement in force or any civil or career service regulation.

Doc. 19-2 at 7.

This is the same language as Florida Statutes § 447.209, which *Laney v. Hospital Board of Directors of Lee County*, No. 2:09-cv-678-FtM-29SPC, 2010 WL 5161367 (M.D. Fla. Dec. 14, 2010) interpreted in a similar context. In *Laney*, the plaintiff brought a claim pursuant to 42 U.S.C. § 1983, alleging that she was deprived of her constitutionally protected property interest in her public employment without due process. 2010 WL 5161367, at *1. She argued that Florida Statutes § 447.209 gives employees the right to be disciplined only for proper cause, and terminated only for legitimate reasons. *Id.* at *6. The court disagreed, explaining that "[t]his provision . . . is the statutory management rights clause, not an employee provision." *Id.* As such, rather than conferring property interests upon Florida public employees, it reserves traditional management prerogatives to employers. *Id.* (quoting *Tanner v. McCall*, 441 F. Supp. 503, 508 (M.D. Fla. 1977)). The plaintiff in *Laney* did not have a CBA like the one in this case, though, so the court's conclusion was limited:

7

"§ 447.209 does not change the at-will status of public employees who are not employed pursuant to a collective bargaining agreement." *Id.*

The Eleventh Circuit has stated that nothing in the statute's plain language or case law establishes that it—by itself—creates a property interest, but "a collective bargaining agreement governed by [Florida Statutes § 447.201 et seq.] may create certain property interests in employment." *Donnell v. Lee Cnty. Port Auth.*, 509 F. App'x 903, 905 (11th Cir. 2013). The CBA in this case, however, contains no other provision that would create a property interest in continued employment for Mr. Day. He alleges the other source of his property right is Article 4, Section 3(I), which states as follows:

> The Union and the employees covered under this Agreement recognize and agree that the County has the sole and exclusive right, except as specifically provided for in the Agreement, to manage and direct any and all of its operations. Accordingly, the County specifically, *but not by way of limitation but merely by way of illustration*, reserves the sole and exclusive right to:
>
> ***
>
> I.     To [sic] suspend, demote, discharge, reprimand, or take other disciplinary action against employees for proper cause.

Doc. 19-2 at 7–8 (emphasis added). This example of a specific right, again reserved for the County and not given to the employees, is therefore the only other alleged source of Mr. Day's property interest from the CBA. Doc. 19 at 3.

8

Thus, while Mr. Day's employment was governed by the CBA, and in that sense his case is distinct from *Laney*, the CBA does not offer any language different from that already interpreted in *Laney*. 2010 WL 5161367, at *6; *Tanner*, 441 F. Supp. at 508. The provisions in Mr. Day's CBA and Florida Statutes § 447.209 that reserve traditional management rights to employers do just that: reserve management rights. *See Laney*, 2010 WL 5161367, at *6. They do not confer property interests upon employees that trigger due process protections. *See id.* at *6–7. Moreover, Section 3(I) specifically defines itself as an illustration of the kinds of actions the County reserves the right to take. It cannot be fairly construed as a limitation of the County's powers, much less a conferral to employees of a constitutionally protected property interest in continued employment.

While not a Florida case,[2] *Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., Local 737 v. Auto Glass Emps. Fed. Credit Union*, 72 F.3d 1243 (6th Cir. 1996) addressed an almost identical issue to the one presented here. In pertinent part, the *Auto Glass* court had to decide whether the collective bargaining agreement in the case created a property interest in the continuing

---

[2] The parties do not cite and independent research does not reveal any Florida case that has addressed this specific issue of whether, in a collective bargaining agreement, management reserving the right to terminate an employee for just cause confers a property interest upon the employee.

employment of at-will employees. 72 F.3d at 1251. In deciding that it did not, the court explained:

> The agreement merely contained provisions that gave employees the right to have their complaints heard in a grievance procedure and the right to discuss their discharge with the Union and management prior to leaving the worksite. Although the non-exhaustive list of management rights in the collective bargaining agreement included the right to discharge employees for "just cause," no provision explicitly promised that the [employer] would not discharge its employees without cause.

*Id.* Accordingly, the court concluded that the employees did not have a property interest in continued employment, and due process was not implicated in their termination. *Id.*

The CBA in this case likewise explains grievance procedures and management rights, but does not promise that the County will not discharge its employees without cause. Doc. 19-2 at 7–8. As the County points out in its motion to dismiss, the articles of the CBA that outline the disciplinary process and grievance procedure allow the County to take such actions without finding cause before doing so. Docs. 21 at 6; 19-2 at 30–36. Article 23, titled Disciplinary Process, provides that the County may resort to the termination of employees. Doc. 19-2 at 30. The only response set forth for employees is the submission of a letter of protest. *Id.* Article 24, titled Grievance Procedure & Arbitration, provides the process by which an aggrieved party may have a County decision reviewed after the fact. *Id.* at 31–36.

Neither article mentions a for-cause prerequisite that would confer a property right on the employees, meaning that due process protections would not be implicated in their terminations. *See Auto Glass*, 72 F.3d at 1251.

In sum, the CBA provisions identified by Mr. Day as conferring property rights actually reserve management rights. Language reserving management rights has been interpreted in Florida only to reserve those rights to employers, not to confer property interests on public employees. *Laney*, 2010 WL 5161367, at *6; *Tanner*, 441 F. Supp. at 508. Mr. Day's CBA contains no other language that would guarantee employees' discipline and termination only for proper cause, as part of a property right. As such, the management rights language in the CBA did not confer a property interest on Mr. Day, who was therefore not entitled to due process protections in connection with his termination. *Laney*, 2010 WL 5161367, at *6.

## B. The Employee Handbook did not create a property interest.

Mr. Day also argues that Section 1.040 of the Employee Handbook created a property interest in continued employment that entitled him to due process protections. Doc. 19 at 3–4. The County responds that policy statements in employment manuals do not create enforceable contract rights in Florida. Doc. 21 at 7.

Section 1.040 of the Employee Handbook provides that "Hernando County reserves all rights commonly associated with the employer in the employment relationship inclusive of the following: . . . To suspend, demote, terminate, and take other disciplinary action against employees for cause." Doc. 19-3 at 7.

The County is correct that "policy statements contained in employment manuals do not give rise to enforceable contract rights in Florida unless they contain specific language which expresses the parties' explicit mutual agreement that the manual constitutes a separate employment contract." *Carlucci v. Demings*, 31 So. 3d 245, 247 (Fla. 5th DCA 2010) (quoting *Quaker Oats Co. v. Jewell*, 818 So. 2d 574, 576–77 (Fla. 5th DCA 2002)); *see also Lurton v. Muldon Motor Co.*, 523 So. 2d 706, 709 (Fla. 1st DCA 1988) (finding a policy manual expressing a firm policy of dismissal for just cause was not an explicit mutual promise creating a binding contractual term); *McConnell v. Eastern Air Lines, Inc.*, 499 So. 2d 68, 69 (Fla. 3d DCA 1986) (finding employer's letters, executive memoranda, and employee handbooks assuring employees they would not be terminated without just cause were unilateral policy statements that did not create enforceable contract rights).

Here, the County's Employee Handbook repeatedly disavows any intention to create a contract. Doc. 19-3 at 5 ("The Employee Handbook, Policies and Procedures shall not be construed to create an employment contract with any person, unless otherwise designated. Nothing herein is intended to create an employment contract

12

between the County and any person for the purposes of employment, promotions, or for the continuation of providing of any benefit."); *id.* at 6 ("Hernando County Employee Handbook Policies and Procedures shall not be construed as creating a contract, implied or otherwise."). Accordingly, there is no language in the Handbook that expresses the parties' mutual agreement to treat it as an employment contract. *Carlucci*, 31 So. 3d at 247; *Jewell*, 818 So. 2d at 576–77. The County admits that a Disciplinary Actions and Termination section of the Handbook is arguably ambiguous in that it first asserts all employees are at-will, but then asserts employees shall not be discharged from employment without cause. Doc. 19-3 at 67. Even so, an employee handbook expressing a policy of dismissal for cause does not automatically give rise to contractual rights. *Lurton*, 523 So. 2d at 709; *McConnell*, 499 So. 2d at 69. The Employee Handbook was, at most, an expression of policy. By its own express disclaimer it contained no language creating a contract, and consequently created no property rights that entitled Mr. Day to due process protections.

## II.     The state provides satisfactory remedies to cure potential due process deprivations.

Finally, the County argues in its motion to dismiss that even if the complaint alleged a property interest protected by the Fourteenth Amendment, "an employee terminated by a local government[] is not deprived of constitutionally protected due

process rights where the state provides a satisfactory and available remedy to cure the due process violation." Doc. 21 at 8.

The County cites *McKinney v. Pate*, 20 F.3d 1550, 1561–65 (11th Cir. 1994), which explains that an employment termination plaintiff who has allegedly suffered a procedural due process deprivation has not suffered a true violation unless and until the state of Florida refuses to provide a way to remedy the deprivation. The Eleventh Circuit explained how Florida courts have the power to review and redress employment termination cases, so the plaintiff could not claim he was deprived of procedural due process in a section 1983 claim against state actors. *Id.* at 1563–65. Many cases have explained how a federal section 1983 claim fails if the state affords an adequate remedy. *E.g.*, *Laney*, 2010 WL 5161367, at *7–8 (citing *Cotton v. Jackson*, 216 F.3d 1328, 1330–31, n.2 (11th Cir. 2000)); *Gadzinski v. City of Fort Walton Beach*, No. 3:10cv425/MCR/EMT, 2011 WL 13233289, at *3–4 (N.D. Fla. July 12, 2011); *Gainer v. City of Winter Haven*, 170 F. Supp. 2d 1225, 1233–34 (M.D. Fla. 2001).

Therefore, even if Mr. Day could demonstrate that he has a property interest in continued employment that entitles him to due process protections in connection with his termination, his section 1983 claim still must be dismissed. Florida courts provide due process protections for public employees, who can seek judicial review of adverse employment decisions. *McKinney*, 20 F.3d at 1563–64. A federal section

1983 claim cannot be lodged against a state entity[3] without giving it the opportunity to remedy alleged deprivations. *Cotton*, 216 F.3d at 1331. As Mr. Day's complaint is brought pursuant to 42 U.S.C. § 1983, it is due to be dismissed.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint, Doc. 21, is **GRANTED**.

**DONE AND ORDERED** at Tampa, Florida, on October 4, 2024.

/s/ William F. Jung
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record

---

[3] In *McKinney v. Pate*, *supra*, Plaintiff McKinney was a former Osceola County employee suing Osceola County.